# In the United States District Court for the Southern District of Georgia Waycross Division

MELISSA JOYCE HYERS,

    Plaintiff,

v.

BACON COUNTY, GEORGIA, et al.,

    Defendants.

5:24-CV-075

**ORDER**

Before the Court is Defendants' motion for a more definite statement.  Dkt. No. 5.  Plaintiff has responded in opposition, dkt. no. 7, and the motion is ripe for review.

**BACKGROUND**

Plaintiff Melissa Hyers initiated this civil rights action in the State Court of Bacon County, Georgia, on August 31, 2024. Dkt. No. 1-1 at 32.  Defendants removed the case to this Court on October 2, 2024, dkt. no. 1, and promptly moved for a more definite statement of Plaintiff's claims, dkt. no. 5.

**LEGAL STANDARD**

In order to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A facially plausible claim must allege facts that are more than merely possible." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations that are 'merely consistent with' a defendant's liability" fall short of being facially plausible. Id. (quoting Twombly, 550 U.S. at 557). "The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting Twombly, 550 U.S. at 556). "But if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." Id. (citing Mamani v. Berzain, 654 F.3d 1148, 1153–54 (11th Cir. 2011)).

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). But the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678-79.

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."

Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added)(quoting Fed. R. Civ. Proc. 8(a)(2)).

**DISCUSSION**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015). Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith

3

v. BellSouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Complaints that violate either Rule 8(a)(2) or Rule 10(b) are often disparagingly referred to as "shotgun pleadings." The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings." Weiland, 792 F.3d at 1321.

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

Weiland, 792 F.3d at 1321–23 (footnotes omitted).

Defendants argue "Plaintiff's complaint fails to give Defendants fair notice of the claims against them and the grounds on which those claims rest." Dkt. No. 5 at 1. Defendants contend "the complaint commits the 'cardinal sin' of shotgun pleading by

4

re-alleging all preceding paragraphs in each count, causing each count to carry with it all prior counts." Id. Defendants also argue "the complaint asserts certain claims against multiple Defendants without specifying which Defendant is responsible for which alleged acts or omissions." Id. at 1-2. Finally, Defendants argue "many counts of the complaint appear to set forth numerous discrete causes of action, the majority of which do not correspond to the headings affixed to the counts." Id. at 2.

In her response, Plaintiff argues her complaint is intelligible, but she does not respond to Defendants' specific arguments. Dkt. No. 7 at 1. Instead, Plaintiff argues Defendants are "creating more of a burden" on her, "excessively attempting to evade the answers and facts," and trying to "gain more information that can be used against the Plaintiff." Id. at 1, 2.

The Court finds Plaintiff's complaint is a shotgun pleading. First, at the beginning of each count, "Plaintiff realleges and incorporates herein by reference" all preceding paragraphs. Dkt. No. 1-1 at 35, 44, 49, 52, 54-56, 58-59. Next, Plaintiff's complaint sets forth multiple causes of action under single counts. For example, in Count 1, which spans ten pages, Plaintiff alleges negligence and negligence per se claims against Defendants Levin Batten, Hector Espinoza, and John Does. Id. at 35. In the same count, Plaintiff also alleges violation of her Fourth Amendment rights, violation of her Fourteenth Amendment rights, violation of

5

her right to equal protection, violation of O.C.G.A. § 16.11.39, § 40-6-390, § 16-5-23.1, and deliberate indifference. Id. at 35-44. Finally, Plaintiff asserts claims against multiple Defendants without clearly articulating which claim is brought against which Defendant and without connecting specific facts to the cause of action. For example, in Count 1, Plaintiff alleges Defendants arrested her, used profanity, and made her fear for her safety; she alleges Defendants did not have a warrant for her arrest; she alleges she suffered unspecified injuries while being handcuffed; she alleges Defendants used excessive force to place her in the patrol vehicle; she alleges Defendants failed to provide her a seatbelt during transport; she alleges Defendants grabbed her arm as they walked her toward the jail; and she alleges Defendants did not provide Plaintiff a medical evaluation during intake. Id. at 35-44. At the end of Count 1, Plaintiff alleges unspecified Defendants "[d]eprived Plaintiff of her U.S. Constitution Fourteenth Amendment civil rights, including but not limited to due process in violation of 42 U.S.C. § 1983." Id. at 44. Because of these deficiencies, Plaintiff's complaint fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323.

"Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with

6

prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam).  This is true, especially when Plaintiff did not select the federal forum.  Nevertheless, the case is properly lodged in federal court, and the complaint is a shotgun pleading. Accordingly, the Court **GRANTS** Defendants' motion for a more definite statement.  Dkt. No. 5.  Plaintiff is **ORDERED** to file an amended complaint within **twenty (20) days** of the date of this Order.  Her failure to do so will result in dismissal of this action.  Further, Plaintiff is warned that her failure to cure the deficiencies noted above will result in dismissal of this case.

## CONCLUSION

Defendants' motion for a more definite statement, dkt. no. 5, is **GRANTED**.  Plaintiff is **ORDERED** to file an amended complaint, as directed above, within **twenty (20) days** of the date of this Order.

**SO ORDERED** this 21st day of November, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

7