IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| MELISSA JOYCE HYERS, | |
| Plaintiff, | CIVIL ACTION NO.: 5:24-cv-75 |
| v. | |
| BACON COUNTY, GEORGIA, et al., | |
| Defendants. | |

**O R D E R**

Defendants filed a Motion to Stay.  Doc. 17.  Plaintiff filed a Response, opposing Defendants' Motion.  Doc. 19.  For the following reasons, the Court **GRANTS** Defendants' Motion to Stay.  This stay will be automatically lifted upon the issuance of a Court order ruling on Defendants' motion to dismiss, if any claims remain pending.  The Court **DIRECTS** the parties to confer within 14 days of a ruling on Defendants' motion to dismiss and then submit their Rule 26(f) report 7 days after their conference, if the case remains pending.  The Court **DIRECTS** the Clerk of Court to terminate the Rule 26(f) report.  Doc. 18.

Plaintiff originally filed her Complaint in Bacon County State Court.  Defendants removed this case to federal court on October 2, 2024.  Doc. 1.  Plaintiff filed an Amended Complaint on December 10, 2024. Doc. 13.  In the Amended Complaint, Plaintiff alleges Defendants arrested and assaulted her while she attempted to record an interaction with police officers.  Plaintiff alleges officers used excessive force in arresting her.  Plaintiff also alleges she was assaulted while held at the Bacon County Jail.  Plaintiff brings claims of Fourteenth Amendment procedural and substantive due process violations, deliberate indifference, and

negligence and state law claims of breach of public and legal duties.  Defendants filed a motion to dismiss, arguing Plaintiff's Amended Complaint is an impermissible shotgun pleading.  Doc. 14.  Defendants also filed this Motion to Stay, requesting the Court to stay discovery pending resolution of their motion to dismiss.  Doc. 17.

Overall, the Court has broad discretion when deciding whether to issue a stay of discovery.  Rivas v. The Bank of N.Y. Mellon, 676 F. App'x 926, 932 (11th Cir. 2017).  Although the party seeking a stay bears the burden of showing the stay is necessary, the Eleventh Circuit Court of Appeals has reasoned a court should typically rule on a motion to dismiss before discovery begins to avoid unnecessary costs to the parties.  Carapella v. State Farm Fla. Ins., No. 8:18-CV-2396, 2018 WL 7268163, at *1 (M.D. Fla. Nov. 5, 2018); Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367–68 (11th Cir. 1997).  For these reasons, this Court and other courts within the Eleventh Circuit routinely find good cause to stay the discovery period where there is a pending motion to dismiss.  See, e.g., Diaz v. Atkinson County, No. 5:15-cv-16, 2015 WL 4507936 (S.D. Ga. July 24, 2015); Habib v. Bank of Am. Corp., No. 1:10-cv-04079, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties.")); Berry v. Canady, No. 2:09-cv-765, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss]." (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005))).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery."

SP Frederica, LLC v. Glynn County, No. 2:15-cv-73, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)).  The Court should also determine whether the parties "have any need for discovery before the court rules on the [dispositive] motion."  Chudasama, 123 F.3d at 1367.  In addition, "a court must take a preliminary peek at a dispositive motion to assess the likelihood that the motion will be granted."  Sams v. Ga. W. Gate, LLC, No. CV415-282, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016).  "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, to be clearly meritorious and truly case dispositive."  Id.

Defendants have met their burden in showing a stay is appropriate.  A "preliminary peek" at Defendants' motion to dismiss reveals that the motion has merit.  Defendants argue Plaintiff's Amended Complaint is an impermissible shotgun pleading and is not supported by well pleaded factual allegations.  Doc. 14 at 5–9.  Defendants also contend Plaintiff asserts multiple claims against multiple Defendants within single counts in her Amended Complaint.  Id. at 9–11.  If granted in its entirety, Defendants' motion to dismiss would dispose of all claims in this action.

Even if dismissal is only granted as to some of Plaintiff's claims, it will significantly reduce the scope of this litigation.  This fact weighs in favor of granting the stay, given the number of Defendants and claims.  Indeed, courts in this circuit routinely grant motions to stay discovery where the "resolution on the pending motion to dismiss may extinguish some or all of the claims . . . potentially restricting the scope of discovery significantly."  Jackson v. Fed. Home Loan Mortg. Corp., No. CV413-124, 2014 WL 12659868, at *1 (S.D. Ga. Apr. 29, 2014) (quoting White v. Georgia, No. 1:07-cv-01739, 2007 WL 3170105, at *2 (N.D. Ga. Oct. 25, 2007)); Moore v. Potter, 141 F. App'x 803, 808 (11th Cir. 2005) (explaining "any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before

the discovery stage, if possible." (quoting Chudasama, 123 F.3d at 1368)).  Thus, the fact resolution of the motion to dismiss may dispose of the case entirely, or at least reduce the scope of discovery significantly, counsels in favor of granting a stay.

Plaintiff argues a stay is inappropriate because a pending motion to dismiss, by itself, is insufficient grounds for granting a motion to stay.  Doc. 19.  Plaintiff states there is no hardship, undue burden, prejudice, or other significant factor in favor of granting Defendants' Motion.  Id. at 3.  On the contrary, argues Plaintiff, granting a stay would result in undue delay and hardship.  Id.  Plaintiff argues she will "suffer significant prejudice" if a stay is granted."  Id. at 4.  Specifically, Plaintiff claims that a delay will "hinder Plaintiff's ability to gather evidence and depose witnesses while memories are still fresh."  Id.  Plaintiff argues the public interest weighs against a stay.  Id. at 5.  Plaintiff argues that Defendants have not demonstrated a likelihood of success on the merits.  Id.  Finally, Plaintiff argues that denying Defendants' Motion would conserve judicial resources.  Id. at 6.  Plaintiff does not raise any arguments addressing how her Amended Complaint may overcome Defendants' impermissible shotgun pleading argument.

There appears to be little harm in delaying discovery, even if some claims survive Defendants' motion to dismiss.  Plaintiff makes generalized arguments concerning hardship, public interest, and prejudice but identifies no particular harm she will suffer if discovery is stayed.  These arguments do not provide a basis to stay discovery.  It is unnecessary for any party to conduct any discovery related to the pending motion to dismiss.  And there is no indication a stay poses any risk of prejudice or could lead to the destruction of evidence.  Allowing discovery to proceed now, before some of Plaintiff's claims are potentially dismissed, is no more efficient than granting a stay until after the Court resolves Defendants' motion to dismiss.

For these reasons, the Court **GRANTS** Defendants' Motion to Stay.  This stay will be automatically lifted upon the issuance of a Court order ruling on Defendants' motion to dismiss, if any claims remain pending.  The Court **DIRECTS** the parties to confer within 14 days of a ruling on Defendants' motion to dismiss and then submit their Rule 26(f) report 7 days after their conference, if the case remains pending.  The Court **DIRECTS** the Clerk of Court to terminate the Rule 26(f) report.  Doc. 18.

**SO ORDERED**, this 5th day of March, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA